```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LUZ VOLPE,
                        Plaintiff,
                                                                    ORDER
        - against -
                                                                    CV 07-0108 (ENV) (JO)
CITY OF NEW YORK, et al.,
                        Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
ANTHONY REY VALENTIN,
                        Plaintiff,

        - against -
                                                                    CV 07-0181 (SJF) (JO)
CITY OF NEW YORK, et al.,
                        Defendants.
----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

In each of the captioned actions, an attorney in the office of the Corporation Counsel of the City of New York ("City") who has already appeared on behalf of the City now asks me, on behalf of individual named defendants the attorney does not represent, to extend the time in which the unrepresented parties may answer the complaint. I have repeatedly explained to the attorneys in that office that such requests are improper, and that the attorneys who make them lack the standing to do so. *See, e.g.*, *Sanchez v. City of New York*, docket no. 07-CV-1771 (ENV) (E.D.N.Y. Aug. 21, 2007); *Hosey v. City of New York*, docket no. 06-CV-5579 (JBW) (E.D.N.Y. Dec. 11, 2006). I have even denied such relief in one of the instant cases, although the attorney who now asks again fails to acknowledge that fact. *See Volpe*, Electronic Order dated March 6, 2007 (denying application for extension of time to answer "without prejudice as to the individually named defendants, whom the movant does not represent").

The Corporation Counsel has many attorneys who appear in this court, and despite their obvious incentive to keep each other apprised of court practices, I am cognizant that each such attorney cannot be expected to know all of the idiosyncracies of each judge before whom he or she appears. But the issues raised by requests for relief on behalf of parties whom the attorneys do not represent are not mere idiosyncracies; they involve serious questions of ethics, substantive liability, and compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring that every "written motion, and other paper shall be signed by at least one attorney of record ... or, if the party is not represented by an attorney, shall be signed by the party").[1] In the context of the cases in which these particular applications are made, they also create real – and patently unnecessary – risks for individual police officers and other public employees in whose interests the attorneys purport to act. *See Sanchez*, Memorandum and Order dated Aug. 21, 2007, at 2; *Hosey*, Memorandum and Order dated Dec. 11, 2006, at 3-5.

I have denied similar requests for relief many times; the City has never sought review of any of those decisions pursuant to Federal Rule of Civil Procedure 72(a). The City having failed to seek such review despite ample opportunity, I cannot ascribe the current applications by its attorneys to a simple disagreement with my view of the applicable law. Accordingly, giving the members of the Corporation Counsel's office the benefit of the doubt, I reject (at least for now)

---

[1] In that regard, I note that the attorneys who represent the City in these cases are not assigned at random from the entire legal staff of the Corporation Counsel's office, but are instead members of the Special Federal Litigation Division of that office. Members of that Division are presumably expected, as part of their duties, to adapt to the fact that – as they announce on their own Internet web site – "[t]he federal courts in which the Division attorneys exclusively practice maintain stringent standards and enforce strict deadlines." Law Department – Special Federal Litigation, http://home2.nyc.gov/html/law/html/about/divisions_federal.shtml (last visited Sept. 21, 2007).

the proposition that they are wilfully ignoring my rulings. Instead, I assume that the attorneys who make the instant applications have done so for good cause and with the concurrence of their supervisors.

I will permit the City's counsel to explain the circumstances establishing such good cause for deviating from the legal principles reflected in my repeated prior rulings at a conference before me on October 5, 2007 at 2:00 p.m. I invite a single supervisory attorney in the Corporation Counsel's Special Federal Litigation Division who is fully familiar with the circumstances of these cases to represent the City at that conference in lieu of the two individual attorneys whose requests on behalf of parties they do not represent are now before me.

For the reasons set forth above, I will consider the pending applications to extend the time for certain defendants to respond to the complaint at a conference before me on October 5, 2007 at 2:00 p.m., at which I invite the attendance and participation of a supervisory attorney in the Special Federal Litigation Division of the office of the Corporation Counsel.

**SO ORDERED.**

Dated: Brooklyn, New York
       September 21, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge